# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN CRAIG MUMMERT,<br><br>Defendant. | No. CR05-4066-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTION TO DISMISS** |

_____

## I. INTRODUCTION AND BACKGROUND

### A. *Procedural Background*

On May 18, 2005, a single count indictment was returned against defendant Steven Craig Mummert, charging him with dealing in firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A) and 924(a)(1)(D). Defendant Mummert filed a motion to dismiss. In his motion, defendant Mummert contends that the indictment is defective because it does not allege that he dealt or received firearms in interstate commerce. Defendant Mummert also asserts that undisputed facts establish that a valid federal firearms license existed at the time of the alleged offense. The government filed a resistance to defendant Mummert's motion to dismiss. Defendant Mummert filed a reply to the government's resistance, and a memorandum of supplemental authorities.

Defendant Mummert's motion to dismiss was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). After conducting an evidentiary hearing, Judge Zoss filed an Amended Report and Recommendation in which he recommends that defendant Mummert's motion to dismiss be denied. Judge Zoss

concluded that interstate commerce is not an essential element of the offense with which defendant Mummert is charged. Judge Zoss further concluded that the facts surrounding defendant Mummert's alleged partnership with an individual who held a federal firearms license are hotly contested and that, as a result, the court could not determine at this time the sufficiency of the evidence. Defendant Mummert subsequently filed objections to Judge Zoss's Amended Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Mummert's pending motion to dismiss.

## B. Factual Background

In his Amended Report and Recommendation, Judge Zoss made the following findings of fact regarding this case:

> During 2004, while acting as an undercover officer, Agent Redies bought several firearms from Mummert at Sportsman's Den & Pawn in Storm Lake, Iowa. On May 17, 2005, Mummert was indicted and charged in a single count as follows:
>> On or about and between January 15, 2004, and November 17, 2004, both dates being approximate and inclusive, within the Northern District of Iowa and elsewhere, the defendant, STEVEN MUMMERT, not being a licensed importer, licensed manufacturer or licensed dealer in firearms, did knowingly and willfully engage in the business of dealing in firearms. This was in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1)(D).
>
> Indictment, Doc. No. 1.
>> The statute Mummert is alleged to have violated provides as follows:

2

>    (a)   It shall be unlawful –
>
>    (1)  for any person –
>    (A) except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce[.]

18 U.S.C. § 922(a)(1)(A).

The crux of the dispute in the case involves whether Mummert was, or was not, selling firearms without a federal firearms license. On or about July 1, 2002, a federal firearms license was issued to Scott Mack, using the trade or business name Sportsman's Den & Pawn. *See* Gov't Ex. 1. Mummert claims Sportsman's was a partnership between Mack and himself, and the license was obtained for partnership purposes. In support of his claim that the business was a partnership, Mummert offered a signature card showing that on March 13, 2002, a bank account was opened for Sportsman's Den & Pawn at Central Bank, Storm Lake, Iowa. The signature card shows the account was a partnership account, and it lists Steve Mummert, Scott Mack, Susan L. Mack, and Edwin Larsen as authorized signers on the account. Steve Mummert signed the Backup Withholding Certificate for the account. *See* Defendant. Ex. A. Bank records indicate both Mummert and Mack wrote checks and signed debit memos relating to the account. *See* Defendant. Ex. D.

In addition, the State of Iowa issued a Retail Sales Tax Permit to "Mummert & Mack Prts" for Sportsman's Den & Pawn. *See* Defendant. Ex. B. And Scott Mack received a federal Schedule K-1 (Form 1065), Partner's Share of Income, Credit, Deductions, etc., relating to partnership loss for tax year 2002. *See* Defendant. Ex. C.

Mack left the business at some point, and Mummert continued to operate the business. Mummert continued to sell firearms from the business. He argues the firearms license

> was issued to the business, not to Mack as an individual, and therefore he was entitled to continue using the license after Mack left the business.
>
> Mummert further points to the affidavit in support of search warrant, which identifies Sportsman's Den & Pawn as "a business that is a federally licensed firearms dealer." Gov't Ex. 1, Affidavit ¶ 2. The Affidavit further states an active license was registered to Sportsman's, with the responsible person listed as Scott Mack, but "[t]here was no record found indicating that Steve Mummert is a responsible person for the business, or that he holds a Federal Firearms License." *Id*. at ¶ 3.

Amended Report and Recommendation at pp. 3-4 (footnote omitted).

## II. LEGAL ANALYSIS

### A. *Standard Of Review*

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in

4

> accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*). As noted above, defendant Mummert has filed objections to Judge Zoss's Amended Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended dispositions of defendant Mummert's motion.

### B. *Objections To Report and Recommendations*
#### 1. *Factual Objections*

Defendant Mummert objects to Judge Zoss's finding that the following questions are hotly contested: (a) whether Sportsman's Den & Pawn, as a partnership, had a valid Federal Firearm's License ("FFL"); and, (b) whether defendant Mummert continued to operate under the FFL issued to Scott Mack d/b/a the Sportman's Den & Pawn after Mack left the alleged partnership. The limited record before the court does not establish, as a matter of law, that the Sportsman's Den & Pawn, as a partnership, obtained a valid FFL. Although defendant Mummert has produced documents which indicate that Sportsman's Den & Pawn was, at least during some period of time, operated as a partnership between

5

Mummert and Scott Mack, the application for the FFL filled out by Scott Mack did not indicate that he was obtaining the license for a partnership. Indeed, defendant Mummert's name does not appear anywhere on the FFL application. The court notes that neither Mummert nor Mack, the two purported partners in the Sportsman's Den & Pawn, provided testimony at the evidentiary hearing. Thus, these issues must await determination by the fact finder at trial. Therefore, the court denies these objections to Judge Zoss's Amended Report and Recommendation.

### 2. *Mixed questions of fact and law*

Defendant Mummert objects to Judge Zoss not addressing the following issues of mixed fact and law: (a) "If Defendant and Mack operated Sportsman's Den & Pawn as a 'partnership" recognized by the Iowa Uniform Partnership Act, Chapter 486A, Code of Iowa, and the FFL obtained by Mack was used as the storefront license, does the FFL constitute property of the partnership where the instrument (the FFL) contains the name of the partnership, pursuant to Iowa Code Sections 486A.204(a)(a&b) and 2(a&b)?"; (b)"Because Mack's disassociation with his partner is "permissible" under Iowa law, Iowa Code Section 486A.503(a)(a) and did not itself cause a dissolution or winding up of the partnership business, Iowa Code Section 486.503(1)(b), and Mack waived dissolution, was the Defendant entitled to continue selling guns under the FFL pursuant to 27 C.F.R. § 478.55. . ."; and, (c) "Was the FFL covering the business still in effect where Mack did not give written notification to the Chief, National Licensing Center, of such a change of control pursuant to 27 U.S.C. Section 478.54. . ."

As Judge Zoss noted in his Amended Report and Recommendation, there is no summary judgment procedure in criminal cases. *See United States v. Salman*, 378 F.3d 1266, 1267-68 (11th Cir. 2004); *United States v. Ladish Malting Co.*, 135 F.3d 484, 490-91 (7th Cir. 1998); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996); *United*

*States v. Critzer*, 951 F.2d 306, (11th Cir. 1992). In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact. Because there is no corollary in criminal cases, the government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. Unless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence. *See United States v. Knox*, 396 U.S. 77, 83 n.7 (1969); *United States v. Gallagher*, 602 F.2d 1139, 1142 (3d Cir. 1979), *cert. denied*, 444 U.S. 1043 (1980); *United States v. King*, 581 F.2d 800, 802 (10th Cir. 1978). Therefore, the court concludes that the issues raised by defendant Mummert, as interesting as they may be, cannot be determined by court via a pretrial motion. Therefore, the court also overrules defendant Mummert's objection to this portion of Judge Zoss's Amended Report and Recommendation.

### III. CONCLUSION

Therefore, for the reasons set forth above, the court, upon a *de novo* review of the record, accepts Judge Zoss's Amended Report and Recommendations and **denies** defendant Mummert's motion to dismiss.

**IT IS SO ORDERED.**

**DATED** this 20th day of September, 2005.

MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA